## In re COHN.

(Supreme Court, Appellate Division, First Department. December 16, 1910.)

ATTORNEY AND CLIENT (§ 46*)—SUSPENSION OF ATTORNEY.

Where an attorney collected a judgment for a client, and did not pay the proceeds to the client, but used them for other purposes, he was guilty of a breach of trust, under Judiciary Law (Laws 1909, c. 35 [Consol. Laws, c. 30]) § 88, subd. 2, providing that an attorney, guilty of deceit, malpractice, etc., may be suspended from practice or removed from office, requiring his discipline, though subsequent to the institution of proceedings to discipline him he repaid the money to his client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 71; Dec. Dig. § 46.*]

Proceedings for discipline of Meyer L. Cohn, an attorney at law. Respondent suspended from practice for six months.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Einar Chrystie, for petitioner.

Meyer L. Cohn, pro se.

PER CURIAM. The respondent was charged with having collected, as attorney for the David Mayer Brewing Company, the sum of $107.25, and appropriating it to his own use. It is alleged in the petition and the papers annexed that on the 27th day of May, 1909, the respondent was retained by the Brewing Company to collect this judgment, and to receive 25 per cent. of what he collected; that on the 1st of June, 1909, he stated to the Brewing Company that he had received an offer of $75 to settle the judgment, and the respondent was authorized to settle for that amount if it was impossible to collect more. Whereupon at the request of the respondent an assignment of the judgment, executed in blank, was delivered to him on the 15th day of June, 1909. It is alleged that the Brewing Company, between the 1st of July, 1909, and the 11th of August, 1909, made several demands upon the respondent, and received replies from the respondent stating that the matter had not yet been closed; that subsequently, in the latter part of July, the respondent stated that he had settled the matter for $75, and would see that the Brewing Company got a check for what was coming to it. It also appears that on June 18, 1909, the respondent received $75, but gave a receipt for $107.25, the full amount of the judgment, and on the 1st day of July, 1909, the assignment of the judgment, with the name of a third party as the assignee filled in, was filed, and a satisfaction piece of the judgment was also filed, and that nothing had been paid by the respondent to the Brewing Company up to the 30th of August.

The respondent admits that he was retained on the 27th of May, 1909, to collect this judgment. He says that he was subsequently authorized to settle the claim for $75; that on the 18th of June, 1909, he collected $75 in settlement of this judgment, of which he was entitled to receive $18.75, leaving a balance due to the Brewing Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany of $56.25, with the understanding that he was to receive the balance of the judgment if it was possible to collect it from the judgment debtor; that in consequence of this understanding he gave a receipt for the full amount of the judgment, but all that he received was $75. He then admits that, instead of paying the amount due of $56.25 to his client, he expended it in paying disbursements in a lawsuit in which he represented another client, but that he, before the service of the answer, had paid the amount due to the client. We do not see that the use that the respondent made of the money of the Brewing Company is material. He did not pay it to his client, who was entitled to it, but used it for other purposes, and this was clearly a breach of trust, within subdivision 2 of section 88 of the judiciary law (chapter 35 of the Laws of 1909 [Consol. Laws, c. 30]). The respondent makes no claim that he was entitled to retain this money on account of any indebtedness of his client to him. There was a misappropriation of client's money without excuse. An attorney collecting money for his client is under the strictest obligation to keep it separate from all other moneys in his hands. Any appropriation of the money for any purposes other than to pay to his client is a viola-tion of his personal obligation to his client, and requires that he be disciplined. These proceedings are not instituted for the purpose of enforcing a collection by the client against his attorney; and the mere fact that an attorney has, subsequent to the institution of the proceeding, repaid the money to his client, does not, of itself, justify a dismissal of the proceeding.

We have considered the facts alleged by the attorney in palliation of the offense, but we cannot overlook the clear violation of the respondent's duty; and we must, therefore, suspend him from practice for a period of six months, and until the further order of the court, with leave to apply for reinstatement after the expiration of said period, upon satisfactory proof that during said six months he has actually abstained from attempting to practice as an attorney and counselor at law, and has otherwise properly conducted himself.